IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50922
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES SUPERVILLE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CR-147-ALL
- - - - - - - - - -
August 6, 1997

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[1]

James Superville appeals from the district court's denial of his motion to suppress evidence, claiming that the evidence was obtained following an unconstitutional investigatory stop. Superville entered into a conditional guilty plea agreement allowing for the appeal of the district court's denial of his motion to suppress.

Superville has also filed a motion to supplement the record on appeal with new evidence, arguing that the newly discovered

_____

[1] Pursuant to 5TH CIR. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. 47.5.4.

evidence discredits one of the police officers' testimony. We will not consider factual evidence that has not been presented in the district court. United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989). The motion is DENIED.

With respect to the district court's ruling following the hearing on the motion to suppress, we review the district court's factual findings for clear error and its determination that reasonable suspicion existed to stop Superville de novo. United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993); Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996). The evidence is viewed in a light most favorable to the Government as the prevailing party. United States v. Michelletti, 13 F.3d 838, 841 (5th Cir. 1994)(en banc). An investigatory stop is proper if based upon reasonable suspicion that the person is engaged in, or will be engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 21-22 (1968). To establish the existence of reasonable suspicion the prosecution must demonstrate a "minimum level of objective justification for the officer's actions, measured in light of the totality of the circumstances." United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993).

A review of the hearing on the motion to suppress reveals that the investigatory stop occurred after the corroboration of information provided by informants and other tips regarding Superville's drug activities. Viewing the totality of circumstances in light most favorable to the Government, there was

reasonable suspicion to stop and question the defendant.

AFFIRMED.